UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

CLARENCE DEMOND BENJAMIN,         )
                                   )
        Petitioner,                )     2:23-CV-00100-DCLC-CRW
                                   )     2:20-CR-00063-DCLC-CRW
    v.                             )
                                   )
UNITED STATES OF AMERICA,          )
                                   )
        Respondent.                )
                                   )

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1; Criminal Docket ("Crim.") Doc. 688].[1] The United States (the "Government") responded in opposition [Doc. 4] and Petitioner replied [Doc. 8]. Thus, this matter is ripe for review. For the reasons stated below, Petitioner's motion [Doc. 1; Crim. Doc. 688] is **DENIED**. His Motion to Expedite a Status Report or Hearing [Doc. 9] is **DENIED AS MOOT**.

**I.    BACKGROUND**

In 2018, law enforcement investigated an increase in overdose deaths in and around Sullivan County, Tennessee and identified Petitioner as being involved in selling methamphetamine [Crim. Doc. 494, ¶ 4(a)]. Officers obtained a warrant to search a residence which Petitioner shared with his brother, co-defendant Clarence L. Benjamin [Crim. Doc. 494, ¶ 4(a)–(b)]. While executing that warrant, they located approximately six kilograms of methamphetamine in a suitcase in a "common area of the residence" [*Id.*].

---

[1] Citations to the record refer to Civil Case No. 2:23-CV-100 unless otherwise stated.

1

On April 13, 2021, the grand jury returned a Superseding Indictment charging Petitioner with one count of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), [Crim. Doc. 138, pg. 4, Count Nine], and one count of conspiracy to distribute the same amount of methamphetamine [Crim. Doc. 138, pg. 5, Count Thirteen]. Count Nine sought to impose aiding-and-abetting liability under 18 U.S.C. § 2 and co-conspirator liability under *Pinkerton v. United States*, 328 U.S. 640 (1946) [Crim. Doc. 138, pg. 4, Count Nine].

Petitioner pleaded guilty to Count Nine on April 21, 2022 [Crim. Docs. 494, 514]. He stipulated in his plea agreement that he often drove his brother to conduct drug-trafficking activities and that he had the original connection to the source of supply for the methamphetamine [Crim. Doc. 494, ¶ 4(c)]. He admitted that he was in constructive but not exclusive possession of the methamphetamine and that he was personally responsible for possessing with intent to distribute between 500 grams and 1.5 kilograms [Crim. Doc. 494, ¶ 4(b)–(c)]. Pursuant to Fed.R.Crim.P. 11(c)(1)(C), the parties stipulated to a sentence of 130 months' imprisonment [Crim. Doc. 494, ¶ 6].

Attorney Evan Meade represented Petitioner at his change of plea hearing [*See* Crim Doc. 295, pg. 1; Crim. Doc. 680, pg. 1]. At that hearing, Petitioner initially denied having seen the Superseding Indictment [Crim. Doc. 680, pg. 5]. The Assistant United States Attorney provided a copy, and Petitioner admitted he had seen and read it [Crim. Doc. 680, pg. 7]. He stated under oath that his attorney had advised him of the nature and meaning of the charges and the elements the Government would have to prove to convict him [Crim. Doc. 680, pg. 8]. He affirmed that he had ample opportunity to read and discuss the plea agreement with his attorney before signing and that he understood the terms and conditions it contained [Crim. Doc. 680, pg. 9]. In particular, he

stated he had carefully reviewed the factual basis with his attorney before signing the plea agreement and that the factual basis was true [Crim. Doc. 680, pg. 11]. The Court advised him of the elements of possession with intent to distribute 50 grams or more of methamphetamine, which Petitioner stated he understood [Crim. Doc. 680, pg. 21]. After Petitioner pleaded guilty, Meade withdrew, and attorneys Katryna Lyn Spearman and Murdoch Walker replaced him [*See* Crim. Doc. 564].

At his sentencing hearing, Petitioner attempted to walk back his admission that he knew a source of supply in Atlanta [Crim. Doc. 681, pg. 15]. His attorney clarified that Petitioner had indeed provided a source of supply, but as a "matter of accurate details," the source of supply was not in Atlanta [Crim. Doc. 681, pgs. 18–19]. Petitioner confirmed that he was admitting to having the original connection to the source of supply of the methamphetamine [Crim. Doc. 681, pg. 20]. The following exchange occurred:

| | |
|---|---|
| The Court: | So when you read this plea agreement, it didn't occur to you that . . . it was inaccurate? |
| The Defendant: | My lawyer didn't really go over the plea agreement with me. |
| The Court: | You read it? |
| The Defendant: | Yeah, I read it. |

[Crim. Doc. 681, pg. 20]. The Court accepted the plea agreement, [Crim. Doc. 681, pg. 30], and sentenced Petitioner to the agreed-upon 130-month sentence [Crim. Doc. 630, pg. 2]. The present motion followed.

## II. LEGAL STANDARD

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate a sentence upon a finding "that

the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack[.]" 28 U.S.C. § 2255(b). To warrant relief for a denial or infringement of a constitutional right, a petitioner must establish an "error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). To warrant relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of "the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 348 (1994); *see Grant v. United States*, 72 F. 3d 503, 505–06 (6th Cir. 1996).

### III. ANALYSIS

Petitioner asserts five claims under § 2255 for ineffective assistance of counsel in violation of the Sixth Amendment [Doc. 1, pgs. 6–17]. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right is the right not merely to representation but to effective representation. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). When a petitioner contests his sentence by claiming ineffective assistance of counsel, he must satisfy the familiar *Strickland* test—a two-pronged test that requires a showing of deficient performance and resultant prejudice. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Specifically, a petitioner must establish that "(1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing

4

*Strickland*, 466 U.S. at 694).

Under the first *Strickland* prong, there must be evidence that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Hodge v. Haeberlin*, 579 F.3d 627, 639 (6th Cir. 2009) (quoting *Strickland*, 466 U.S. at 687). The petitioner must establish counsel's constitutionally defective performance by a preponderance of the evidence. *Packett v. United States*, 738 F. App'x 348, 352 (6th Cir. 2018) (quoting *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006)). Still, a review of counsel's performance must be highly deferential and requires the courts to "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). As to the second "prejudice" prong, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Griffin*, 330 F.3d at 736 (quoting *Strickland*, 466 U.S. at 694). Because Petitioner pleaded guilty, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Short v. United States*, 471 F.3d 686, 692 (6th Cir. 2006) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Petitioner asserts his attorneys were ineffective in failing to: (1) move to dismiss the Indictment [Doc. 1, pg. 6, Ground 1]; (2) object to the voluntariness and factual basis underlying the guilty plea [Doc. 1, pg. 9, Ground 2]; (3) review the plea agreement with Petitioner [Doc. 1, pg. 12, Ground 3], (4) file a motion to suppress the methamphetamine [Doc. 1, pg. 15, Ground 4]; and (5) object to criminal history points assessed in the Presentence Investigation Report ("PSR") [Doc. 1, pg. 17, Ground 5]. The Court addresses his claims in turn.

### A. Ground 1 – Alleged Defects in the Superseding Indictment

Petitioner asserts his counsel was ineffective for failing to challenge the Court's subject matter jurisdiction [Doc. 1, pgs. 6–7]. The Court has "original jurisdiction . . . of all offenses against the laws of the United States." 18 U.S.C. § 3231. Here, the Superseding Indictment charged Petitioner with possession with intent to distribute fifty grams or more of methamphetamine, a federal crime [Crim. Doc. 138, pg. 4, Count Nine]; *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A). Thus, the Court had subject matter jurisdiction, and counsel was not ineffective for failing to challenge it.

Petitioner also asserts his attorneys were ineffective because they failed to file a motion to dismiss the indictment [Doc. 1, pgs. 6–7]. He asserts the indictment lacks factual allegations as to how his conduct met the elements of the charged offense [Doc. 8, pg. 2]. But "[a]n indictment is 'sufficient if it (1) contains the elements of the charged offense, (2) gives the defendant adequate notice of the charges, and (3) protects the defendant against double jeopardy.'" *United States v. McReynolds*, 964 F.3d 555, 561 (6th Cir. 2020) (quoting *United States v. Rankin*, 929 F.3d 399, 404–05 (6th Cir. 2019)).

Here, Petitioner pleaded guilty to possessing a controlled substance with intent to distribute [*See* Crim. Doc. 494, ¶ 1]. To convict him of that offense, the Government had to show that he: "(1) knowingly, (2) possessed a controlled substance, (3) with intent to distribute it." *United States v. Russell*, 595 F.3d 633, 645 (6th Cir. 2010) (quoting *United States v. Coffee*, 434 F.3d 887, 897 (6th Cir. 2006)). The Indictment alleged that Petitioner "on or about July 23, 2020 . . . did knowingly . . . possess with the intent to distribute fifty grams or more of methamphetamine . . ." [Crim. Doc. 138, pg. 4, Count Nine]. Thus, it contained the elements of the charged offense. It gave Petitioner fair notice by citing the statutes he allegedly violated [Crim. Doc. 138, pg. 4, Count

6

Nine]; *see McReynolds*, 964 F.3d at 562 ("[T]he indictment gave McReynolds fair notice of the charges against him by citing both 21 U.S.C. §§ 841(a) and 846."). Petitioner fails to show counsel rendered constitutionally deficient performance by failing to challenge the indictment's sufficiency.

**B.      Grounds 2 and 3 – Guilty Plea**

Petitioner faults counsel's performance in connection with his guilty plea. He claims counsel was ineffective for "failing to make an objection that Petitioner's guilty plea was . . . [in]voluntary" and for failing to object to the "factual basis for the plea" [Doc. 1, pg. 9]. But he admitted in his plea agreement that he was responsible for possessing with intent to distribute between 500 grams and 1.5 kilograms of methamphetamine [Crim. Doc. 494, ¶ 4(c)]. Agents located approximately 6 kilograms of methamphetamine in a residence he shared with his brother [Crim. Doc. 494, ¶¶ 4(a)–(b)]. He admitted he constructively possessed the methamphetamine and that he intended to sell it [Crim. Doc. 494, ¶ 4(b)]. He admitted to driving his brother to conduct many aspects of the drug trade and that he had the original connection to the source of supply of the methamphetamine [Crim. Doc. 494, ¶ 4(c)]. The factual basis to which Petitioner stipulated amply supported his plea.

Petitioner seeks to backtrack, stating that his attorney did not go through the plea agreement with him page by page [Doc. 1, pg. 12]. He asserts his "attorney was . . . ineffective for advising [him] to enter into an agreement which contained false statements" [Doc. 1, pg. 10]. He claims he would have contested his admissions in the plea agreement that he constructively possessed the methamphetamine, that he and his brother intended to sell it, and that the source of supply was in Atlanta [Doc. 1, pg. 13]. But Petitioner admitted at both his change of plea hearing and sentencing that he had read the plea agreement [Crim Doc. 680, pg. 9; Crim. Doc. 681, pg. 20]. He stated

7

under oath that he had reviewed the factual basis with his attorney, and it was true [Crim. Doc. 680, pg. 11]. "Solemn declarations in open court carry a strong presumption of verity[.]" *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Thus, even supposing counsel had failed to advise Petitioner of the factual basis supporting his plea, which Petitioner has not shown, he admitted he was aware of it and that it was true. Thus, he cannot show prejudice under *Strickland*.

Petitioner makes a specific objection to what he claims is a factual inaccuracy in the plea agreement [Doc. 1, pgs. 10, 13]. At sentencing, he disputed the plea agreement's statement that the source of supply was in Atlanta [Crim. Doc. 681, pgs. 15]. But counsel clarified that although the source of supply was not in Atlanta, Petitioner had a connection to a source of supply somewhere [Crim. Doc. 681, pgs. 18–20]. Petitioner asserts that had counsel raised his objection sooner, the Court would not have accepted his plea agreement [Doc. 1, pg. 10]. But the Court was aware of Petitioner's objection when it accepted his plea agreement because the Court deferred accepting Petitioner's plea agreement until the conclusion of sentencing [*See* Crim. Doc. 681, pg. 30]. The Court accepted the plea agreement despite the objection because the location of the source of supply was irrelevant; what matters is that Petitioner had the original connection to the source of supply.

Petitioner also asserts the Court's plea colloquy was insufficient because it failed to ensure he was aware of the factual basis underlying his plea [Doc. 1, pgs. 9–10; Doc. 8, pgs. 8–9]. But as explained, the record from Petitioner's change of plea hearing reveals Petitioner read the plea agreement, including the factual basis, and reviewed it with his attorney. He claims the Court also failed to ensure he understood the charges against him [Doc. 1, pg. 9]. He asserts the Court never read him Count Nine of the Superseding Indictment [Doc. 1, pg. 9] and that he had never seen it [*Id.*, pg. 10]. But when he claimed at his change of plea hearing that he had not seen the

8

Superseding Indictment, the Assistant United States Attorney provided him a copy, which he then admitted he had seen and read [Crim. Doc. 680, pgs. 5, 7]. Thus, he cannot show he was unaware of the charges. Further, the record undercuts his claim that he was unaware of the "nature of the charges" [Doc. 1, pg. 10]. At the change of plea hearing, he admitted his attorney had advised him of the nature of the charges and every element of the offenses, and the Court read him the elements of the offense to which he was pleading guilty [Crim. Doc. 680, pgs. 8, 21]. He asserts the Court did not explain *Pinkerton* liability [Doc. 1, pg. 10]. But he was not convicted on a *Pinkerton* theory; he admitted to constructively possessing methamphetamine with intent to distribute it [Crim. Doc. 494, ¶ 4(b)]. Even if counsel or the Court failed to explain *Pinkerton* liability, Petitioner cannot show that failure prejudiced him. He fails to show he lacked understanding of the charges against him when he pleaded guilty.

Lastly, for the first time in Petitioner's reply brief, he contends counsel was deficient for failing to explain the nature of the charges [Doc. 8, pg. 6]. Initially, a reply brief is not the place to raise new claims. *See* Local Rule 7.1(c) ("A reply brief . . . shall directly reply to the points and authorities contained in the answering brief."). In any event, the record contradicts Petitioner's assertion. He admitted his attorney advised him of the nature of the charges [Crim. Doc. 680, pg. 8].[2] He fails to show counsel was ineffective in connection with his guilty plea.

C.      **Ground 4 – Suppression**

Petitioner also asserts counsel was ineffective for failing to file a motion to suppress the methamphetamine found at the residence he shared with his brother [Doc. 1, pgs. 15–16]. He asserts the methamphetamine was not in plain view because it was in a suitcase in a closet [Doc.

---

[2] Petitioner also alleges that counsel "advised him to plead guilty . . . without investigating the contents of Count Nine" [Doc. 8, pg. 10]. But he alleges no facts to support his claim that counsel failed to investigate the charges.

9

8, pgs. 14–15]. However, officers searched the residence pursuant to a warrant [Crim. Doc. 586, ¶ 11]. Petitioner asserts the warrant authorized law enforcement to search for heroin, not methamphetamine [Doc. 8, pg. 14]. But even if that were true, seizing methamphetamine was permissible under plain-view doctrine.

"[L]aw enforcement agents may seize items in plain view, so long as the agent is lawfully present, the discovery is inadvertent, and the incriminating nature of the item is 'immediately apparent.'" *United States v. Blair*, 214 F.3d 690, 698 (6th Cir. 2000) (quoting *United States v. Blakeney*, 942 F.2d 1001, 1028 (6th Cir. 1991)). Here, while acting under lawful authority to search for controlled substances in a suitcase, officers discovered what they determined to be six kilograms of methamphetamine. Even assuming the warrant authorized only a search for heroin, the incriminating nature of the methamphetamine was immediately apparent. *See United States v. Green*, 554 F. App'x 491, 497 (6th Cir. 2014) (explaining officers could seize marijuana under plain-view doctrine where a warrant authorized them to search for evidence of cocaine manufacturing); *cf. United States v. Church*, 823 F.3d 351, 355 (6th Cir. 2016) ("[D]rugs are contraband, and the police have a right to seize them, pursuant to a search warrant, wherever they are likely to be present."). Because the seizure satisfied plain-view doctrine, it did not violate the Fourth Amendment. Counsel did not perform deficiently by failing to raise a meritless Fourth Amendment challenge.

D.   **Ground 5 – Criminal History Points**

Lastly, Petitioner asserts counsel should have challenged the application of criminal history points to his Lexington County, South Carolina conviction for Possession with Intent to Distribute Marijuana [Doc. 1, pg. 17; *see* Crim. Doc. 586, ¶ 36]. He asserts he did not serve any time in custody on that offense [Doc. 1, pg. 17].

Under U.S.S.G. § 4A1.1, a defendant earns two criminal history points for "each prior sentence of imprisonment of at least sixty days . . ." and three criminal history points for "each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a)–(b). For other sentences, the Guidelines assess one point. U.S.S.G. § 4A1.1(c). And unlike subsections (a) and (b), § 4A1.1(c) does not require a "prior sentence of imprisonment," only a "prior sentence." U.S.S.G. § 4A1.1. Thus, subject to exceptions not applicable here, a fine-only sentence garners one point. *See, e.g.*, *United States v. Stewart*, 391 F. App'x 490, 497–98 (6th Cir. 2010) (rejecting defendant's argument the district court should not have imposed a criminal history point for a fine-only drug sentence because "a 'prior sentence' includes 'any sentence previously imposed'—the sentence need not exceed any minimum punishment") (citation omitted).

Here, Petitioner was convicted and sentenced to five years' imprisonment, suspended to two years of probation and a fine [Crim. Doc. 586, ¶ 36]. Because his sentence did not involve sixty days in custody or more, the PSR properly assessed one point [*Id.*]. Counsel was not ineffective for failing to object on that ground.

## IV. CONCLUSION

For these reasons, Petitioner's motion [Doc. 1; Crim. Doc. 688] is **DENIED**. His Motion to Expedite a Status Report or Hearing [Doc. 9] is **DENIED AS MOOT**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be

considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id*.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Having examined each of the petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not conclude that this Court's dismissal of petitioner's claims was debatable or wrong. Therefore, the Court will deny petitioner a certificate of appealability as to each claim raised.

A separate judgment shall enter.

**SO ORDERED:**

s/ Clifton L. Corker  
United States District Judge