| | | |
|---|---|---|
| CLARENCE DEMOND BENJAMIN, | ) | |
| | ) | |
| Petitioner, | ) | 2:23-CV-00100-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Clarence Demond Benjamin's *pro se* Motion for Relief from Judgment Under Federal Rule of Civil Procedure 60(b) [Doc. 12]. Benjamin seeks relief from the Court's June 14, 2024 Order and Judgment [Docs. 10, 11] denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, this motion is **DENIED**.

## I. LEGAL STANDARD

Benjamin seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1). Rule 60 may not be used to challenge a petitioner's underlying conviction or sentence after that movant's habeas petition attacking the same conviction or sentence on the same basis has been denied. A Rule 60 motion that "seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition." *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005). A motion for relief from final judgment that attacks "some defect in the integrity of the habeas proceeding," however, is not a second or successive habeas petition. *Id.* at 532. Here, Benjamin attacks the integrity of the habeas proceeding, as he claims that the Court failed to

1

consider several arguments raised in his petition. Thus, Benjamin raises a proper 60(b) motion. *See Spitznas v. Boone,* 464 F.3d 1213, 1225 (10th Cir. 2006) ("[Petitioner's] contention that the district court failed to consider one of his habeas claims represents a 'true' 60(b) claim. It asserts a defect in the integrity of the federal habeas proceedings.").

Rule 60(b)(1) authorizes courts to relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(1) "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake or law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)).

## II.     ANALYSIS

Benjamin asserts that the Court made six mistakes in its Order and Judgment denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The first relates to the background laid out in the Order, and the others concern whether the Court failed to address specific arguments raised in his motion.

First, Benjamin objects to the factual background of the case as described in the Order, arguing that it "is not supported by any evidence in the record during the Rule 11 hearing." [Doc. 12, pg. 3]. Specifically, he objects to this portion of the Order setting out relevant portions of the plea agreement's factual basis:

> He stipulated in his plea agreement that he often drove his brother to conduct drug-trafficking activities and that he had the original connection to the source of supply for the methamphetamine [Crim. Doc. 494, ¶ 4(c)]. He admitted that he was in constructive but not exclusive possession of the methamphetamine and that he was personally responsible for possessing with intent to distribute between 500 grams and 1.5 kilograms [Crim. Doc. 494, ¶ 4(b)–(c)].

[Doc. 10, pg. 2]. Benjamin argues that because he did not admit to these facts "in open court" that

2

"there is no factual basis for his plea to stand as an intelligent admission of guilt." [Doc. 12, pgs. 3-4].

But Benjamin did admit to these facts in open court. Each of these facts are plainly laid out in the factual basis of his signed plea agreement, and, in open court at his plea hearing, Benjamin stated under oath that he had carefully reviewed the factual basis with his attorney before signing the plea agreement *and that the factual basis was true*. The relevant portion of the hearing proceeded as follows:

THE COURT: Now, your plea agreement contains a factual basis that supports the entry of the plea itself. That's contained in paragraph 4 of your plea agreement. It details the facts that, that relate to your particular case and that form the foundation for why you're pleading guilty today. Did you carefully review the factual basis with your attorney prior to signing your plea agreement?

BENJAMIN: Yes, sir.

THE COURT: And do you agree the factual basis stated in the plea agreement is true?

BENJAMIN: Yes, sir.

THE COURT: And is there anything in it at all, Mr. Benjamin, that you contend is false?

BENJAMIN: No, sir.

[Criminal Docket Doc. 680 at 11:8-21].[1] This line of questioning sufficiently complied with the Rule 11 requirements governing plea hearings. *See United States v. Hawkins*, 72 F. App'x 301, 305 (6th Cir. 2003) ("Rule 11 does not obligate a district court to read aloud the entire factual

---

[1] It is also relevant to note that at his plea hearing, the Court asked Benjamin whether he "had an ample opportunity to read and discuss that plea agreement with [his] attorney before [he] signed it," whether "[his] attorney explained to [him] the terms of [his] plea agreement," if he "understand[s] the terms and the conditions that are contained in [his] plea agreement," and whether he "sign[ed] the plea agreement." [*Id.* at 9:8-14, 10:12-14]. Benjamin answered "Yes, sir" to each of these questions. [*Id.*].

3

stipulation, item for item, particularly when Defendant signed the stipulation and informed the court at the plea hearing that he had read it and understood its contents."). Thus, Benjamin twice admitted to the factual basis in his plea agreement: once by signing the valid plea agreement, and again while under oath at his change of plea hearing. Accordingly, Benjamin's objection to the background in the Order is overruled.

Next, Benjamin asserts that the Order failed to address his claim that his indictment lacks factual allegations as to how his conduct met the elements of the charged offense. The Order properly addressed this argument by explaining that "an indictment is sufficient if it (1) contains the elements of the charged offense, (2) gives the defendant adequate notice of the charges, and (3) protects the defendant against double jeopardy." [Doc. 10, pg. 6 (citations and quotations omitted)]. The Order went on to explain that the indictment against Benjamin "had to show that he: (1) knowingly, (2) possessed a controlled substance, (3) with intent to distribute it." [*Id.* (citations and quotations omitted)]. The indictment did so when it "alleged that Petitioner on or about July 23, 2020 ... did knowingly ... possess with the intent to distribute fifty grams or more of methamphetamine ..." [*Id.* (citations and quotations omitted)]. Because the Order addressed Benjamin's argument, the Court did not make a mistake that warrants relief under Rule 60(b)(1).

Benjamin next argues that the Order failed to address his claim that during the plea hearing the Court failed to determine the factual basis for his plea in open court. Specifically, he asserts that the Court did not ask him at the hearing whether certain facts stated in his plea agreement were true. While Benjamin did raise this argument in his motion, it was included under the umbrella of his claim asserting "Ineffective Assistance of Counsel for failing to make an objection that Petitioner's guilty plea was truly voluntary and there is no factual basis for the plea." [Doc. 1, pg. 9]. There is a reason for this: Benjamin waived the right to collaterally attack his conviction,

4

except on prosecutorial misconduct or ineffective assistance of counsel grounds. [Criminal Docket Doc. 494, pg. 8]. The only way Benjamin could properly raise this argument was by couching it as an ineffective assistance of counsel claim.

And the Court fully addressed his ineffective assistance of counsel claim for failing to object to the factual basis of the plea. The Order states that the "factual basis to which Petitioner stipulated amply supported his plea." [Doc. 10, pg. 7]. It concluded that Benjamin "admitted he was aware of [the factual basis] and that it was true. Thus, he cannot show prejudice under *Strickland*." [*Id.* at 8]. And, as described above, a district court is not obligated "to read aloud the entire factual stipulation, item for item, particularly when Defendant signed the stipulation and informed the court at the plea hearing that he had read it and understood its contents." *Hawkins*, 72 F. App'x at 305. Therefore, the Court did not fail to consider Benjamin's argument.

Benjamin also claims that the Order failed to address his argument that the Court did not read Count Nine of the Indictment out loud during the plea hearing, nor did it ensure in open court that Benjamin understood the nature of the charges against him. But the Order explained that Benjamin "admitted he had seen and read" the indictment at the plea hearing. [Doc. 10, pg. 9]. The Order also states that "the record undercuts his claim that he was unaware of the nature of the charges. At the change of plea hearing, he admitted his attorney had advised him of the nature of the charges and every element of the offenses, and the Court read him the elements of the offense to which he was pleading guilty. … He fails to show he lacked understanding of the charges against him when he pleaded guilty." [*Id.*]. At a plea hearing, "ultimately all that is required is that the district court be satisfied, after discussion with the defendant in open court, that the defendant understands the elements of the offense." *United States v. Webb,* 403 F.3d 373, 379 (6th Cir. 2005) (citations and internal quotations omitted); *see also Bousley v. United States,* 523 U.S. 614, 618

5

(1998) (where a defendant has been provided a copy of the information prior to a plea hearing, a "presumption that the defendant was informed of the nature of the charge against him" arises). Thus, the Order sufficiently addressed Benjamin's arguments.

Next, Benjamin argues that the Order failed to address his claim that his attorney did not go through the plea agreement with him page by page. In his original § 2255 motion, Benjamin stated:

> there is no evidence at the Rule 11 hearing that Petitioner had a complete understanding of the contents of the plea agreement in this case because his attorney provided ineffective assistance of counsel by only advising Petitioner to sign the agreement without going over its contents page by page. … Petitioner asserts that the District Court never questioned Petitioner in open court to assure Petitioner's attorney went over the factual basis of the plea to assure Petitioner had a full and complete understanding of the factual basis.

[Doc. 1, pg. 12]. While Benjamin claims his attorney did not review the plea agreement "page by page" with him, the focus of his argument is that he entered into the plea agreement when he did not have a complete understanding of its factual basis. The Order fully addressed this argument. It explained that, at the plea hearing, Benjamin stated "under oath that he had reviewed the factual basis with his attorney, and it was true." [Doc. 10, pg. 8].[2] Because "[s]olemn declarations in open court carry a strong presumption of verity … even supposing counsel had failed to advise Petitioner of the factual basis supporting his plea, which Petitioner has not shown, he admitted he was aware of it and that it was true. Thus, he cannot show prejudice under *Strickland*." [*Id.* (quotations and citations omitted)]. There was no evidence at the plea hearing that Benjamin had anything less than a complete understanding of the plea agreement. Accordingly, while the Order may not have specifically discussed the "page by page" line, it did address his argument that his attorney did not

---

[2] At the plea hearing, the Court accepted Benjamin's sworn statements affirming that he "carefully review[ed]" the factual basis contained in the plea agreement with his attorney, and that it was true. [Criminal Docket Doc. 680 at 11:8-21].

go over the contents of the plea agreement with him.

Lastly, Benjamin argues that the Order failed to address his argument "how the suit case in the closet was immediately apparent to officers as evidence of a crime to seize the methamphetamine without a warrant under the plain view doctrine." [Doc. 12, pg. 10]. The Order addressed this argument in the following section:

> Petitioner also asserts counsel was ineffective for failing to file a motion to suppress the methamphetamine found at the residence he shared with his brother [Doc. 1, pgs. 15–16]. He asserts the methamphetamine was not in plain view because it was in a suitcase in a closet [Doc. 8, pgs. 14–15]. **However, officers searched the residence pursuant to a warrant** [Crim. Doc. 586, ¶ 11]. Petitioner asserts the warrant authorized law enforcement to search for heroin, not methamphetamine [Doc. 8, pg. 14]. But even if that were true, seizing methamphetamine was permissible under plain-view doctrine.
>
> "[L]aw enforcement agents may seize items in plain view, so long as the agent is lawfully present, the discovery is inadvertent, and the incriminating nature of the item is 'immediately apparent.'" *United States v. Blair*, 214 F.3d 690, 698 (6th Cir. 2000) (quoting *United States v. Blakeney*, 942 F.2d 1001, 1028 (6th Cir. 1991)). **Here, while acting under lawful authority to search for controlled substances in a suitcase, officers discovered what they determined to be six kilograms of methamphetamine. Even assuming the warrant authorized only a search for heroin, the incriminating nature of the methamphetamine was immediately apparent.** *See United States v. Green*, 554 F. App'x 491, 497 (6th Cir. 2014) (explaining officers could seize marijuana under plain-view doctrine where a warrant authorized them to search for evidence of cocaine manufacturing); *cf. United States v. Church*, 823 F.3d 351, 355 (6th Cir. 2016) ("[D]rugs are contraband, and the police have a right to seize them, pursuant to a search warrant, wherever they are likely to be present."). Because the seizure satisfied plain-view doctrine, it did not violate the Fourth Amendment. Counsel did not perform deficiently by failing to raise a meritless Fourth Amendment challenge.

[Doc. 10, pgs. 9-10 (emphasis added)]. Accordingly, the Court did not fail to consider this argument.

### III. CONCLUSION

For these reasons, Benjamin's Motion for Relief from Judgment Under Federal Rule of Civil Procedure 60(b) [Doc. 12] is **DENIED**. His Motion for Status Report [Doc. 14], seeking an update on his Rule 60(b) motion, is **DENIED AS MOOT**.

7

**SO ORDERED:**

s/ Clifton L. Corker
United States District Court

8